## WILDER *a.* LANE.

*Supreme Court, First District ; General Term, June,* 1861.

### FRIVOLOUS APPEAL.

An appeal cannot be brought on out of its order on the calendar upon the ground that it is frivolous.

Application to bring on an appeal out of its place on the calendar.

The facts are stated in the opinion.

*J. M. Van Cott,* for the motion.

*Mr. Larocque,* opposed.

By THE COURT.*—SUTHERLAND, J.—Judgment was rendered at special term in this case in favor of the plaintiffs, on the demurrer of the defendants to the plaintiffs' complaint, as frivolous. The defendants appealed from this judgment to the general term.

The respondents now make a motion (grounded on the frivolousness of the demurrer and the appeal) that the case be heard out of its order on the enumerated calendar.

The motion cannot be granted. There is now no rule or practice of this court which authorizes us to grant the motion, whatever power the court may have to make such a rule or adopt such a practice.

Under the old practice, by a rule of the court, bills of exceptions and demurrers could be noticed as frivolous, and brought on to argument as such during the first week of the term, but no argument was allowed to show that they were frivolous. (Rogers *a.* Hosack, 5 *Hill,* 521.)

No doubt frivolous appeals are quite common, and produce great inconveniences and injuries; but it is obvious that under the Code and our present system of practice, it would not do to make a general rule, that all appeals might be noticed and brought on to argument as frivolous; for many appeals involve questions of fact as well as law, and it would take as much time for the court to possess itself of the facts, for the purpose of determining whether the appeal was frivolous, as it would to decide the appeal on its merits.

As to a certain class or classes of appeals involving only questions of law, such as appeals from judgments on demurrer, and from orders for judgments on demurrer, it appears to me that a rule allowing them to be noticed as frivolous, and to have a preference when so noticed, might be adopted with relief to the court and advantage to respondents.

As no such rule or practice has been adopted since the Code,

---

* Present, CLERKE, ALLEN, and SUTHERLAND, JJ.

the motion must be denied, but without costs, as we think the counsel for the respondents in this case was justified, from the frequency of frivolous appeals, in calling our attention to the subject by this motion.

---

## SPENCER *a.* TOOKER.

*Supreme Court, First District; At Chambers, June,* 1861.

PLEADING.—AMENDMENT OF COURSE.—SETTING ASIDE JUDGMENT.

The plaintiff upon whom an amended answer is served is not at liberty to disregard it, merely because he deems it inconsistent with the original answer, or considers that it sets up a new defence.

A denial of the full amount claimed, and admission of a certain amount to be due, and a tender of that amount, all properly go to constitute one defence.

Where in an original answer there is no express admission of a certain fact, but only an implied admission arising from silence, inserting the omitted denial by the service of an amended answer is not necessarily inconsistent.

Where the plaintiff brought suit in the Supreme Court on a demand of but sixty-four dollars and interest, and defendant answered, admitting and paying into court a sum which was seven cents less than the amount claimed; and the plaintiff disregarded the answer and irregularly obtained an order for judgment for the amount claimed,—*Held*, that the order for judgment should not be permitted to stand, but should be set aside with costs.

Motion to vacate default.

BARNARD, J.—From the papers submitted it appears that plaintiff, in his complaint, claims for $64, with interest from April 1st, 1861.

Defendant, in his first answer, pleaded a tender before the commencement of this action, on the 6th of April, of $64, and brought the money into court.

Thus, on plaintiff's own showing, the amount due for principal and interest on the 6th of April was $64.07, being only seven cents more than the sum tendered.

Plaintiff moved for judgment on account of frivolousness of answer, serving the notice of motion on the 1st of May.

On May 4th the attention of defendant's attorneys being,